Daniel **DEVERS**, Plaintiff-Appellee,

v.

**MOBIL CHEMICAL CORPORATION,**
**Defendant-Appellant,**

**Argonaut Insurance Company,**
**Intervenor-Appellee.**

No. 73–1547.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1973.

Rehearing Denied Jan. 16, 1974.

Cleve Bachman, Beaumont, Tex., Maurice Amidei, Dallas, Tex., for defendant-appellant.

Woodson E. Dryden, Beaumont, Tex., for plaintiff-appellee.

James W. Mehaffy, Sr., Beaumont, Tex., for intervenor.

Before BELL, COLEMAN and RONEY, Circuit Judges.

COLEMAN, Circuit Judge.

This diversity personal injury action has had a turbulent career. It was first tried to a jury and the verdict was set aside. The next jury could not agree on a verdict. The parties then agreed to submit the case to the District Judge on the record compiled in the second trial. He filed findings of fact and conclusions of law, awarding damages in the sum of $50,000. Mobil Chemical Corporation appeals. We affirm.

The Plaintiff-Appellee, Devers, was an employee of Pierose Maintenance Company, which had a maintenance contract with Mobil Chemical Corporation. Under this agreement, Mobil supplied all the equipment needed by Pierose for its maintenance duties. One of Devers' jobs was to keep equipment filled with gasoline. To accomplish this he was required to use a two wheeled trailer, called a gas "buggy". This gas buggy had an "A-frame tongue", to which was attached a jack for use when the tongue was raised from the ground to be hitched, trailer fashion, to the truck which towed it.

For about a year prior to the accident in which Devers was hurt, the tongue jack had not functioned, so he had manually lifted the tongue in order to connect it to the truck. This was done four or five times a week, more than 150 times before Devers suffered a serious back injury while lifting the tongue. The actual weight of the tongue and buggy was never established. It varied because the weight was less when full; at such times the liquid was balanced and would not "run to the front". In any event, Devers testified that it was heavy, although prior to the injury neither he nor his partner experienced any trouble lifting it.

It appears that Devers had notified Mobil of the defective condition of the jack, but it was never repaired.

Mobil contends, nevertheless, that because of Devers' repeated exposure to the defective condition that it was so "open and obvious" that no duty was owed to him; moreover, that Devers voluntarily assumed the risk (*volenti non fit injuria*). It is accordingly argued that a finding for the plaintiff was erroneous as a matter of law.

While this case involves the supply of a chattel for mutual benefit, we are controlled by the same rules of law which govern the duty of a landowner to his invitees, Ellis v. Moore, 401 S.W.2d 789, 794 (Tex., 1966); Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1953).

The Texas Supreme Court in Adam Dante Corp. v. Sharpe, 483 S.W.2d 452, 455–458 (Tex., 1972), has recently said of the two principles in issue:

> "Under such issues (open and obvious) it would be Mrs. Sharpe's (plaintiff) burden at trial to prove the existence and violation of a legal duty owed to her by Adam Dante. * * * That includes her burden to prove that she did not possess actual knowledge of the danger, that she did not fully appreciate the nature and extent of the danger, and that the danger complained of was not so open and obvious as to charge her, as a matter of law, with such knowledge and appreciation." [At p. 455]

> "*Volenti non fit injuria* was Adam Dante's second pleaded defense. The thrust of the defense is actual knowledge by Mrs. Sharpe of the specific dangers, which, with full appreciation,

she voluntarily encountered." [At p. 456]

"The fourth area of confusion arises out of the overlap of the so-called no-duty issues and the volenti issues. We recognized this situation in McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954), where we said, 'Actually, in their application to a given fact situation the two theories so completely overlap as to be almost indistinguishable.' A plaintiff's failure to overcome the no-duty issues and a defendant's proof of the volenti issues both go toward the same goal." [At pp. 457–458]

■■ It is evident from the above that while the plaintiff has the burden in the no-duty issue and the defendant the burden in the *volenti* defense, knowledge and appreciation of the danger, either actual or chargeable as a matter of law, are essential ingredients of both principles. The question, then, is whether Appellee had knowledge and appreciation of the danger involved. This is a subjective determination, and not whether Devers "should have known" of the danger, Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex., 1963).

The Appellant urges that since the Appellee admitted the gas buggy was heavy and that lifting heavy objects might strain his back, he, as a matter of law, should be charged with knowledge and appreciation of the danger. Appellee argues that the proper interpretation of the law is that he must have appreciated the nature and extent of the injury which might result from the defective condition.

■ While Devers' interpretation of Texas law is not completely foreclosed by the cases, it would most certainly be an expansion of established principles. It is not our function to expand the law of Texas. Rather, we must apply the interpretation which most likely would be applied by the Texas court of last resort. In this effort, due to his experience and familiarity with Texas law, precedent directs us to extend great deference to the Trial Judge's understanding of it, Harris v. Hercules, 8 Cir., 1972, 455 F. 2d 267.

■ It is not altogether clear from the Judge's findings of fact and conclusions of law just which standard he used —"nature and extent of *danger*" or "nature and extent of *injury*". If the "nature and extent of injury" standard was used, then the Judgment is clearly due to be affirmed. We, however, do not have to decide that point for we conclude that an affirmance is warranted even under the Appellant's "nature and extent of danger" standard.

Mobil cites many "slip and fall" cases,[1] but they are of no help because in the instant case the Appellee never alleged that he did not know of the defective condition but alleges, instead, that he did not appreciate the nature and extent of the danger associated with the defective condition. Appellant relies on cases where the danger associated with the defective condition is so apparent that the plaintiff was charged with appreciation of the nature and extent of the danger,[2] but here the danger was not so apparent. *See*, Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953).

Appellant repeatedly points out that Devers lifted the buggy some 150 times. This would certainly charge him with the knowledge of the defective condition, but the numerous liftings without injury

1. *E. g.*, Collins v. Singer Sewing Machine Co., 239 F.2d 705 (5 Cir., 1957) ; Wesson v. Gillespie, 382 S.W.2d 921 (Tex., 1964) ; McKee v. Patterson, 271 S.W.2d 391 (Tex., 1954).

2. Rabb v. Coleman, 469 S.W.2d 384 (Tex., 1971) [combustible gas] ; Greenwood v. Lowe Chemical Co., 433 S.W.2d 695 (Tex., 1968) [vat of dangerous chemicals] ; Howard v. Jackson Electric Co., 430 S.W.2d 689 (Tex. Civ.App.—Waco, 1968, writ ref'd, n. r. e.) [electrical wires] ; and Texas Bitulithic Co. v. Caterpillar Tractor Co., 357 S.W.2d 406 (Tex.Civ.App.—Dallas, 1962, writ ref'd, n. r. e.) [danger of tractor when uncontrollable due to jammed throttle].

lend support to the view that he did not appreciate the fact that the weight involved was fraught with danger (Cf. Schiller v. Rice, 151 Tex. 116, 246 S.W. 2d 607, 1952).

The determinative factor is that at the time of the injury nothing new entered the sequence of events. Therefore, the more times the Appellee lifted the tongue (buggy) without injury, the more reasonable the likelihood that he did not appreciate the nature and extent of danger, Ellis v. Moore, 401 S.W.2d 789 (Tex., 1966). This is reinforced by the fact that he lifted the object only several times a day and not repeatedly at frequent intervals, which might have raised an awareness from the related strain and stress.

The Judgment of the District Court is Affirmed.