UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20312
_____

ALICE CAROLYN BANDEAUX,

Appellant,

versus

HOME DEPOT USA, INC.,

Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1513)
_____

January 6, 1998

Before JOLLY, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

  Alice Caroline Bandeaux brought a premises liability suit against Home Depot USA, Inc. in Texas state court, asserting a claim for personal injury after she slipped in a puddle of cleaning solution on an aisle floor. The case was removed to federal court under diversity jurisdiction. The district court granted summary judgment in favor of defendant-appellee. We now affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *See Grimes v. Texas Dep't. Of Mental Health and Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996). "Federal Rule of Civil Procedure 56(c) mandates summary judgment if a party fails to establish the existence of an element essential to its case and on which it has the burden of proof." *David v. Illinois Cent. R.R. Co.*, 921 F.2d 616, 618 (5th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). While it is true that in summary judgment, the facts are to be reviewed with all inferences drawn in favor of the nonmoving party, factual controversies can only be inferred for the nonmovant when there is an actual controversy. *See McCullen Highlands Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d. 89, 92 (5th Cir. 1995), *rev'd on other grounds*, 70 F.3d 26, (1995). Both parties would have to submit evidence of contradictory facts. *See id*. In the absence of proof, the court cannot assume that the party opposing the motion could prove the facts necessary to forego the grant of a motion for summary judgment. *See Little v. Liquid Air*, 37 F.3d 1069, 1075 (5th Cir. 1994). Unsubstantiated assertions are not competent summary judgment evidence. *See Grimes*, 102 F.3d at 139.

This court has held that in a premises liability case under Texas law, the appellant must prove: (1) that the defendant had actual or constructive knowledge of the condition; (2) that the condition posed an unreasonable risk of harm; (3) that the defendant did not exercise reasonable care to reduce or eliminate

the risk; and (4) that the defendant's failure to use such care proximately caused appellant's injuries. *See Folks v. Kirby Forest Indus., Inc.*, 10 F.3d 1173, 1176 (5th Cir. 1994).

## II.  ANALYSIS

In this case, we are convinced that appellant has failed to establish the existence of at least one essential element of her case, i.e. that the defendant had actual or constructive knowledge of the dangerous condition.

Appellant offers several pieces of circumstantial evidence to support her claim that a genuine fact issue exists on this point.

First, appellant alleges that she observed a track leading from the puddle of fluid to a ladder used by employees nearby.  From this, the appellant would infer that an employee was nearby saw or caused the spill and moved the ladder in order to clean up the spill. If there was a track, however, it is equally likely that a customer could have moved the ladder.  Second, appellant stated in her deposition that the assistant manager of Home Depot told her that the substance in which she had fallen was a cleaning substance that was going through a drying process.  From this statement, the appellant concludes that the assistant manager knew of the substance on the floor, thus giving Home Depot prior knowledge of a dangerous condition yet that is only one possible reason for the assistant manager's alleged statement.  As noted by the district judge in the summary judgment hearing, the assistant manager could have known that the substance was cleaning solution

by looking at it and smelling it, and by the fact that it was in the cleaning products aisle. The observation that the liquid was drying is, without more, utterly inconclusive.

Additional circumstantial evidence provided by the appellant includes admissions that Home Depot employees are given safety knives that they use to open boxes. From this appellant would draw the inference that a Home Depot employee could have cut the plastic container causing the cleaning solution to spill out. There is no evidence to substantiate this theory.[1]

Appellant also points to the existence of a General Liability Loss Notice form that was filled out by the store's assistant manager after the accident. In that document he states that no third party was involved in the accident. Appellant wants to call this an admission of actual knowledge since if no third party were involved, the only possibility is that the appellee itself was responsible for the condition which caused appellant to fall. However, read in context, this General Liability Loss Notice form merely indicates that appellee was unaware of who caused the dangerous condition.

Appellant has failed to offer any proof of the facts relating to the store's knowledge. Texas law allows circumstantial evidence to be used to show knowledge. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992). However, this knowledge will not

---

[1] There is also no admissible evidence that an absorbent had been placed on the spill. Ms. Carmichael's affidavit is inadmissible, and the other "evidence" cited by appellant is speculative.

4

be inferred when the circumstances are consistent with more than one scenario and no scenario is more probable than another. *See Litton Indus. Prod., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex. 1984).

Appellant has based her case on unsupported allegations, which are insufficient to defeat a motion for summary judgment. "Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) *(citing Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)). Appellant has failed to produce evidence tending to show that Home Depot had actual or constructive knowledge of the condition or that it caused the spill.

The court has considered appellant's claim in light of the briefs and pertinent portions of the record. We find no reversible error of fact or law and affirm the lower court's grant of summary judgment.

**AFFIRMED.**