# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11215

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2020

Lyle W. Cayce
Clerk

MELODY FULFORD,

> Plaintiff–Appellant,

v.

LOWE'S HOME CENTERS, L.L.C.,

> Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CV-152

Before OWEN, Chief Judge, and HIGGINBOTHAM and WILLETT, Circuit Judges.

PER CURIAM:*

Melody Fulford sued Lowe's Home Centers, LLC for negligence after taking a spill in the garden section. The district court granted summary judgment in favor of Lowe's, and we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11215

I

A

Fulford visited her local Lowe's to purchase some cabinet hinges and peruse the bird baths, which, while in the garden section, she asked a Lowe's employee for help in locating.[1] The pair stood in front of a short retaining wall while they spoke. Then, presumably turning to point in the direction of the bird baths, the employee positioned himself shoulder-to-shoulder with Fulford, which caused her to feel uncomfortable, as though her personal space were being invaded. So Fulford decided to step away from the employee. As she moved away, Fulford caught her toe on a brick sticking out from the retaining wall behind her and fell to the ground. The fall caused a tear in Fulford's left rotator cuff and other injuries.

B

Fulford originally filed suit in state court against the "John Doe" store employee for "failing to observe and respect [her] personal space" and against Lowe's for negligent construction and maintenance of the retaining wall and negligent hiring, training, retaining, and supervising practices regarding equipping employees "with proper customer service skills, interpersonal relationship skills, and the skills to respect the personal space of customers patronizing the Lowe's store."

Lowe's removed the case to federal court, contesting John Doe's joinder in the suit. Fulford sought remand, arguing that John Doe was properly joined because he "personally and separate from his employment, failed to observe and respect [Fulford's] personal space." After the district court denied the motion to remand, Fulford filed an amended complaint that removed John Doe

---

[1] Fulford noticed the retaining wall when she first entered the garden section but wasn't focused on it during her conversation with the employee.

as a party and the claims against him. Lowe's remained as the only adverse party, and Fulford alleged only her claims of negligent construction and maintenance of the retaining wall and negligent hiring, training, and supervising practices.

Lowe's then moved for summary judgment. Before filing a response to the summary judgment motion, Fulford filed a motion for leave to file a second amended complaint. Specifically, she sought to add a new negligence claim asserting that her injuries were caused by an affirmative, contemporaneous act of the Lowe's employee in his employment capacity. The district court denied her motion, concluding that Fulford had not shown good cause as to why she should be allowed to file a second amended complaint more than eight months past the deadline to file amended pleadings.

On the same day that district court denied her request to amend, Fulford filed her own motion for partial summary judgment based exclusively on the claim she sought to add in her proposed—and rejected—second amended complaint. She then again filed a second motion for leave to amend her complaint, again desiring to add a claim that her injuries were caused by an affirmative, contemporaneous act of the employee. Again, the district court denied her motion, explaining that Fulford failed to address, let alone satisfy, the "good cause" standard set forth in Federal Rule of Civil Procedure 16.[2] The court further found that it would be "highly prejudicial" to Lowe's to allow Fulford to amend her complaint after Lowe's had filed its motion for summary judgment.

---

[2] The district court reviewed Fulford's motions for leave to amend under Federal Rule of Civil Procedure 16, as opposed to Rule 15, because the parties had a scheduling order in place. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause . . . will the more liberal standard of Rule 15(a) apply.").

No. 19-11215

Finally, Fulford filed her response and brief in opposition to summary judgment, which again asserted her new negligent activity claim. The district court granted summary judgment in favor of Lowe's. Fulford now appeals.

II

We review summary judgment orders de novo, applying the same standard as the district court. *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Summary judgment should be granted if the pleadings and evidence, reasonably viewed in the non-moving party's favor, demonstrate that no genuine disputes of material fact exist and the movant is entitled to judgment as a matter of law. *Id.* Summary judgment should be denied where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We may affirm the district court "on any ground supported by the record, including one not reached by the district court." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

III

Fulford argues that genuine disputes of material fact exist, and the district court improperly made credibility determinations and resolved factual disputes to reach its rulings. However, Fulford's arguments are based entirely on an untimely pled legal theory, and therefore, are fatally flawed.

A

On appeal, Fulford focuses exclusively on the district court's alleged errors with respect to her negligent activity claim.[3] But she fails to

---

[3] Fulford does not mention the district court's rulings on her negligent maintenance and construction claim or her negligent hiring and supervising claim; therefore, any arguments regarding these claims are forfeited. *See, e.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal." (emphasis omitted)).

acknowledge that this claim was not properly before the district court.[4] The district court expressly noted this in its summary judgment order, and it went on to explain why, even if Fulford had timely pleaded a negligent activity claim, that claim would not survive summary judgment.

The court concluded that Fulford did not demonstrate that her injuries were caused by affirmative, negligent activity of the employee. Instead, Fulford showed, her injuries "were the direct result of a condition—a brick protruding from the retaining wall—on Lowe's [sic] premises." Order at 6; *see also Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity rather than by a condition created by the activity.").

In *Keetch*, a woman attempted to bring a negligent activity claim against Kroger after she slipped and fell in the flower section, arguing that her injuries were caused by an employee over-spraying a plant polish, which created a slippery spot on the floor. 845 S.W.2d at 264. However, the trial court refused to submit this claim to the jury, and the Supreme Court of Texas affirmed. The Court accepted that a Kroger employee may have over-sprayed the plants, but it explained that the woman "was not injured by the activity of spraying"; she

---

Lowe's describes these issues as "waived," but this is an all-too-common misnomer. As Justice O'Connor helpfully explained in *United States v. Olano*, "[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is 'the intentional relinquishment or abandonment of a known right.'" 507 U.S. 725, 733–34 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Fulford did not actively relinquish her right to raise these claims; she passively forfeited the arguments by not timely raising them in her briefs. We take a moment to reiterate the difference between these terms not to be persnickety, but to encourage precision.

[4] Certainly, Fulford twice moved the district court for leave to amend her pleadings to add this claim, but the district court twice denied that request. Fulford does not assert that the district court erred in denying her motions, and we will not raise that argument for her. *See Cinel*, 15 F.3d at 1345.

No. 19-11215

was injured by a condition created by the spraying. *Id.* Therefore, the Court concluded, the plaintiff had not pleaded a negligent activity claim, and the trial court was correct to withhold the claim from the jury. *Id.*; *see also Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196–97 (5th Cir. 2014) (affirming dismissal of negligent activity claims that "are properly conceived as resulting from a condition on the premises rather than an ongoing activity" (internal citation omitted)); *Folks v. Kirby Forest Indus. Inc.*, 10 F.3d 1173, 1177 n.8 (5th Cir. 1994) ("The fact that the dangerous condition resulted from some negligent conduct does not mean that [the plaintiff] was injured by the negligent conduct rather than the dangerous condition.").

Here, too, assuming that Fulford had timely pleaded her negligent activity claim, the undisputed facts show that she was injured by a condition on the property—the protruding brick—and not by the actions of the employee. Therefore, even if the negligent activity claim had been timely pleaded, the district court was correct to conclude that her claim sounded in premises liability, not negligence, and to grant summary judgment for Lowe's.

B

Fulford argues, in the alternative, that the district court should have treated her response to the summary judgment motion as a third motion to amend her complaint. And as such, she further asserts, the court was required to permit Fulford to file an amended complaint, presumably (though she does not say) to add her claim of negligent activity.

As explained above, the district court did assess Fulford's negligent activity claim and correctly determined that it could not survive summary judgment. But further, while Fulford is correct that district courts may consider claims raised in response to a motion for summary judgment as a motion to amend pleadings, *see, e.g.*, *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972), she is incorrect that the district court is *required* to grant

that motion, *see Hoffman v. L&M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) ("[A] district does not err by disregarding a theory of liability asserted in the plaintiff's response that was not pleaded as required by the applicable pleading standard."). Instead, the Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be freely given *when justice so requires*." Fed. R. Civ. P. 15(a) (emphasis added).[5] Because this policy is to be construed liberally, a motion to amend should only be denied where the district court has a "substantial reason" for doing so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (Former 5th Cir. 1981). Denial of permission to amend a pleading may be justified where the party seeking amendment has engaged in undue delay or where granting the amendment would cause undue prejudice to the opposing party. *Id.* We review the district court's decision to deny leave to amend for abuse of discretion. *Id.* at 597.

In its previous rulings on Fulford's motions for leave to amend, the district court noted the significant amount of time that had elapsed between the deadline for filing amended pleadings and Fulford's motions to amend— eight months. And it explained that Fulford was given "more than ample time to review the pleadings of record," yet failed to timely move to amend them to correct any errors. The court further found that it would be "highly prejudicial" to Lowe's to allow Fulford to amend her pleadings so late in the proceedings. In light of the district court's reasoned considerations when reviewing Fulford's previous motions, we cannot say that it abused its discretion in failing to allow Fulford to amend her complaint based on arguments raised in her opposition to summary judgment.

IV

---

[5] We assume, without deciding, that the more lenient Rule 15, instead of Rule 16, applies in this situation, as Lowe's does not argue otherwise and application of Rule 16 would not change our outcome.

No. 19-11215

The judgment of the district court is AFFIRMED.