Richard WARNER, et ux, Appellants,

v.

H.E. BUTT GROCERY COMPANY,
Appellee.

No. 10–90–133–CV.

Court of Appeals of Texas,
Waco.

May 2, 1991.

Rehearing Denied July 25, 1991.

Kevin O'Malley and Scott Rothenberg, Mithoff & Jacks, Houston, Tex., Louis S. Muldrow, Waco, Tex., for appellants.

Beverly Willis Bracken and Steven L. Moody, Naman, Howell, Smith & Lee, Waco, Tex., for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

This is an appeal by the Warners from a take-nothing judgment entered after a jury verdict in a slip-and-fall case against H.E. Butt Grocery Company (H.E.B.). The Warners assert four points of error, but we find the first point is dispositive of the case. We will reverse and the remand the judgment.

The Warners pled that Mrs. Warner slipped and fell in a small pool of liquid substance on the floor of H.E.B. She alleged that H.E.B. was negligent on two theories. First, that H.E.B. failed to adequately maintain the floors of the store in question in a safe condition, and second, that H.E.B. failed to pre-bag the chill-packed chicken to reduce the amount of chicken blood that dripped to the floor of the store.

The court's charge erroneously submitted the negligence issue in five separate questions which did not include the Warners' second theory of negligence. The jury was instructed not to answer each of the second through fifth questions unless they answered the preceding question in the affirmative. In response to Question 1, the jury found that the liquid substance on the floor of the store posed an unreasonable risk of harm to Mrs. Warner. Question 2 asked the jury the following question:

> Did the defendant know or should defendant reasonably have known that there was liquid substance on the floor of its store on the occasion in question?

The jury answered this question, "No". Pursuant to the trial court's erroneous instruction, the jury did not answer questions 3, 4 or 5 which asked whether H.E.B. failed to reduce or eliminate the risk in question, whether such failure constituted negligence, and whether such negligence was a proximate cause of Mrs. Warner's injuries. In answering the damage question, the jury found Mrs. Warner had suffered $156,500 worth of injuries, but the charge submitted by the trial court prevented the jury from awarding damages based upon Mrs. Warner's second theory of recovery, that is, the failure of H.E.B. to pre-bag the chicken to prevent leakage of chicken blood throughout the store, which resulted in foreseeable harm through a course of conduct or method of operation. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983).

■ Rule 277 of the Texas Rules of Civil Procedure, which controls submission of issues to a jury, is unambiguous in directing broad-form submission. *See* Tex. R.Civ.P. 277. The text of Rule 277 mandates that "[i]n all jury cases the court *shall*, whenever feasible, submit the cause upon broad-form questions." *Id.* (emphasis added). This language of the rule requires that broad-form submission be used in any or every instance in which it is capable of being accomplished. *See Texas Department of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). In *E.B.*, the Supreme Court said, "[t]he rule un-

equivocally requires broad-form submission whenever feasible. Unless extraordinary circumstances exist, a court *must* submit such broad-form questions." *Id.* (emphasis added). The Supreme Court went on to say that the controlling issue in *E.B.* was whether the parent-child relationship between the parent and two children should be terminated and not upon what specific ground the jury based their decision. Here, the controlling issue is whether H.E.B. was negligent and not upon which theory of negligence the jury based their decision.

■ When reviewing errors in a charge we employ the abuse-of-discretion standard. *Id.* The trial court abuses its discretion when it acts without reference to any guiding principle. *Id.* It is now clear that the rule requires broad-form submission and eliminates the trial court's discretion unless extraordinary circumstances exist. *Id.* In this matter the trial court did not follow the language of Rule 277. Therefore, since the alternative theory of negligence was supported by the pleadings and evidence, the negligence issue could have been submitted in broad form. We find the trial court erred when it submitted the charge to the jury in the form of special questions and not in broad form.

■ Now we must analyze the error under Rule 81(b)(1) of the Texas Rules of Appellate Procedure. *See* Tex.R.App.P. 81(b)(1). The rule provides that a judgment shall not be reversed unless we are of the opinion that the error was such a denial of the rights of the Appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Id.* Because the court submitted the charge in such a form that denied the Warners their second theory of liability, it is our opinion that their rights were denied under Rule 278 of the Texas Rules of Civil Procedure. *See* Tex.R.Civ.P. 278. The denial of their right to have all theories of liability submitted was reasonably calculated to cause and probably did cause rendition of an improper judgment. The judg-

ment of the trial court is reversed and the cause remanded.