**H.E. BUTT GROCERY COMPANY,
Petitioner,**

v.

**Mr. and Mrs. Richard WARNER,
Respondents.**

No. D–1476.

Supreme Court of Texas.

Dec. 2, 1992.

Rehearing Overruled Jan. 27, 1993.

Beverly Willis Bracken, Steve L. Moody, Waco, for petitioner.

Scott Rothenberg, Kevin O'Malley, Houston, Louis S. Muldrow, Waco, for respondents.

## OPINION

CORNYN, Justice.

This slip and fall case concerns the pleading and requested submission requirements for independent, alternative theories of recovery. The trial court submitted only the plaintiff's (Warner's) premises liability theory, which the jury answered favorably to H.E.B. Based upon its holding that Warner was erroneously denied submission of an additional theory of recovery, the court of appeals reversed the trial court's take-nothing judgment and remanded the cause for a new trial. 820 S.W.2d 819. Because we hold that Warner pleaded and requested submission of only a premises liability theory of recovery, which was submitted by the trial court, and failed to submit a requested jury question supporting any other basis for recovery, we reverse the judgment of the court of appeals and remand the cause to that court for consideration of the points it has not addressed.

In July 1987 Tami Warner slipped in an eight-inch puddle of water, chicken blood, and other fluids that had accumulated on the floor of an H.E.B. store in Corsicana during a "bag your own chicken" promotion. Soon thereafter Warner and her husband sued H.E.B. to recover the damages occasioned by Warner's fall. At trial

the court submitted a five-part premises liability question to the jury regarding H.E.B.'s liability. Based upon the jury's finding that H.E.B. neither knew nor should have known that there was a liquid substance on the floor on the occasion in question, the trial court rendered a take-nothing judgment against Warner and her husband.

The court of appeals held that Warner's pleadings alleged two theories of negligence: one based on a standard premises liability theory and the other based on the failure to "pre-bag" chicken to eliminate the hazardous condition presented. Holding that "[t]he court's charge erroneously submitted the negligence issue in five separate questions which did not include Warner's second theory of negligence," the court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. 820 S.W.2d at 819.

Warner's First Amended Original Petition specifically alleged:

Defendant, and its agents, servants, and employees, at the time and on the occasion in question, engaged in certain omissions, among others, are as follows:

(a) In failing to provide the Plaintiff and the general public with a safe place in which to shop;

(b) In failing to abate a dangerous condition on such premises;

(c) In failing to warn the Plaintiff and the general public of the dangerous condition on such premises.

■ While Warner's petition alleged specific acts of negligence "among others," we hold that her First Amended Original Petition, fairly read, alleged only a claim based upon premises liability. *See Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983).[1] Although Warner maintains that she has been denied her alternative, negligent failure to pre-bag chicken theory of liability, it is undisputed that she was injured by a condition of the premises—a puddle of water, chicken blood, and other fluids that had accumulated on the floor—rather than a negligently conducted activity. *See Keetch v. Kroger,* 845 S.W.2d 262 (Tex.1992) (distinguishing premise liability and negligent activity causes of action). Thus, Warner's only potential cause of action is limited to a premises liability theory, which was submitted by the trial court.

■ Warner also claims that the trial court erred in failing to submit her requested broad-form question, which was based on her premises liability theory.[2] Texas

---

1. *Corbin,* relied upon by the dissent to suggest that Warner was entitled to submission of a separate negligent failure to pre-bag theory, does not stand for such a proposition. Rather, *Corbin* was a premises liability case similar to this case, not a negligent activity case. Warner obtained a premises liability submission, the only one she was entitled to under *Corbin. See Corbin,* 648 S.W.2d at 296.

2. Warner's requested issues and instructions, in their entirety, follow with emphasis added:

Negligence by an owner or occupier of premises is the failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the occupier knows about or in the exercise of ordinary care should know about.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reason-

ably result therefrom. There may be more than one proximate cause of an event.

An owner or occupiers' negligence depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

PLAINTIFF'S INSTRUCTION A

The defendant should know of the liquid substance on the floor of the defendant's store if a reasonably careful inspection would reveal it.

PLAINTIFF'S QUESTION NO. A–1

Did the negligence, if any, of H.E. Butt Grocery Company proximately cause the occurrence in question?

Answer "Yes" or "No" _____

If, in answer to Question No. _____, you answered yes, in that event, and only in that event, answer Questions Nos. _____ and _____.

QUESTION NO. B–1

Did the negligence, if any, of H.E. Butt Grocery Company proximately cause the occurrence in question?

Rule of Civil Procedure 277 mandates broad-form submissions whenever they are "feasible." *See Texas Dept. of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). Because Warner tendered a proper broad-form question with appropriate instructions,[3] the trial court should have granted her request. However, its failure to do so was not harmful error. TEX. R.APP.P. 81(b)(1). Although submitted in granulated form, the jury questions contained the proper elements of a premises liability action. Because the charge fairly submitted to the jury the disputed issues of fact and because the charge incorporated a correct legal standard for the jury to apply, we hold that the trial court's refusal to submit Warner's tendered question and instructions did not amount to harmful error.

Therefore, without hearing oral argument and pursuant to Texas Rule of Civil Procedure 170, the court reverses the judgment of the court of appeals and remands this cause to that court for consideration of those points of error it did not address.

GAMMAGE, J., concurring.

MAUZY, J., joined by DOGGETT, J., dissenting.

*GAMMAGE, Justice, concurring.*

I concur in the judgment of the majority but not its reasoning. I cannot agree with the majority's conclusion that the evidence makes it "undisputed that she was injured by a condition of the premises ... rather than a negligently conducted activity." At 259. The two are not separate and distinct theories of recovery. Both the premises-liability basis for recovery and the negligent-activity basis are *negligence* causes of action. I agree with the dissenting opinion

In determining whether H.E. Butt Grocery Company was negligent, consider only the following acts or omissions, if any you so find:
(a) In failing to provide Tami Warner with a safe place in which to shop;
(b) In failing to abate a dangerous condition on such premises;
(c) In failing to warn Tami Warner of the dangerous condition of the premises;
Answer "Yes" or "No" ____

If, in answer to Question No. ____, you answered yes, in that event, and only in that event, answer Questions Nos. ____ and ____.

that absent special exceptions the plaintiff's petition must be construed liberally in favor of the pleader. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). The Warners' pleadings, however, even when reasonably construed in their favor, did not give fair notice that they were asserting a negligent activity theory in the alternative to their premises liability theory. The negligent activity theory was not tried by implied consent because the evidence to support it also supported the premises liability theory expressly plead. *See generally* TEX. R.CIV.P. 67. The Warners' pleadings reasonably supported only the premises liability negligence grounds, on which the jury found against them. I therefore concur in the majority's result but not its reasoning.

MAUZY, Justice, dissenting.

Torts professors, revise your syllabi. The court today recognizes a new, distinct cause of action that must be plead as an independent claim: negligent failure to pre-bag chickens.

Early common law required that a plaintiff search a register of writs for a "form of action" that fit the particulars of the complaint; if there was none, or if the plaintiff chose the wrong one, the king's court would provide no remedy at all.[1] Today the majority tells Tami Warner that she may not submit her claim to the jury because she chose the wrong form. Her complaint about the unbagged chickens is rendered a nullity on the reasoning that it is too peculiar to fall within a general claim of premises liability, and too vaguely plead to permit consideration on a separate basis. Evidently, the complaint is actionable only if specifically plead as an independent tort.

3. Warner's submitted question practically mirrored the premises liability broad-form question that we recently approved in *Keetch v. Kroger*, 845 S.W.2d 262 (Tex.1992).

1. *See* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on the Law of Torts* § 6 at 28 (5th ed. 1984). *See also Nelson v. Krusen*, 678 S.W.2d 918, 932 (Tex.1984) (Kilgarlin, J., concurring and dissenting).

The majority opinion defies modern rules of pleading, which require only that a plaintiff put the defendant on notice of the claim involved. Tex.R.Civ.P. 47(a) (an original pleading setting forth a claim of relief shall contain "a short statement of the cause of action sufficient to give notice of the claim involved"); *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982) (in the absence of special exceptions a petition must be construed liberally in favor of the pleader). Warner's pleadings accomplished no less. H.E.B. did not specially except to the form of the pleadings and did not object at trial when Warner pursued her premises liability theory on the basis of the failure to bag. The majority acknowledges that the petition asserted a claim of negligence, and articulated a theory of premises liability. Still, it finds the pleadings deficient.

This retrograde analysis runs counter not only to modern tenets of procedure, but also to this court's plainly stated determination that "an invitee's suit against a store owner is a simple negligence action." *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983) (citing *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536–37 (Tex.1975); *Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 521 (Tex.1978)). Citing *Corbin,* the majority holds that Warner alleged only a claim based upon premises liability. The majority runs afoul of *Corbin,* however, when it defines the scope of a premises liability theory of recovery to exclude the complaint that a storeowner displayed goods in an unsafe condition. *Corbin* recognized that a "storekeeper may be held liable for any dangerous condition about which he should be aware, not just for specific objects left on the floor by customers." *Id.* at 298.

*Corbin* also recognized that a plaintiff asserting a negligence action against a storeowner need not establish "a specific set of facts or a specific breach of duty." 648 S.W.2d at 295. Neither is the plaintiff required to plead a specific set of facts. In holding that "an invitee's suit against a storeowner is a simple negligence action," the court rejected special prerequisites for asserting the claim. *Id.* at 295.

Further, *Corbin* explicitly approves of a premises liability claim supported by evidence of a grocer's failure to pre-bag a food item. The essence of the *Corbin* complaint was that the remains of unbagged food resulted in injury—there grapes, here chicken. The court observed:

> Safeway acknowledges that it took no other action, *such as bagging the grapes* ... to minimize the hazard. Under these circumstances, because reasonable minds could conclude that Safeway did not use reasonable care to take some preventive measure against a foreseeable harm, the question of its negligence was for the jury to decide.

648 S.W.2d at 297 (emphasis added). This ruling is unequivocal—a claim of storeowner negligence subsumes a premises liability theory and may be grounded in evidence of the failure to pre-bag goods.

Nevertheless, today's opinion approves the trial court's excision of the failure-to-pre-bag portion of the claim from the jury charge. The majority attempts to distinguish *Corbin* by characterizing Warner's failure to pre-bag complaint as asserting a negligent activity theory rather than premises liability. This argument, like chickens, doesn't fly. As in *Corbin,* Warner complains of the negligent *manner of display*—the unbagged condition of the birds—not the *activity of displaying.* *Corbin* expressly recognizes that this condition goes to show premises liability, not negligent activity. Had Warner complained that she was struck by a chicken being hurtled onto the display, the majority would be on point.

The majority cannot distinguish *Corbin;* despite its normal mad rush to overrule precedent, it for some reason does not yet desire to overrule *Corbin,* so it simply constructs a parallel. We now have a grape rule and a chicken rule. The majority is pioneering the development of grocery law.

Warner had no reason to anticipate this court's foray into the henhouse. In accordance with the mandate of Tex.R.Civ.P. 277, and the exhortations of this court, she tendered a broad-form question tracking the language of the pattern premises liabil-

ity question (PJC 66.04).[2] The trial court instead submitted five granulated questions which, by their specificity, excluded the store's failure to pre-bag from jury consideration. This error is not, as the majority contends, harmless. The jury answered the first of the questions affirmatively, concluding that the liquid on the floor posed an unreasonable risk of harm. In response to the second question, however, it did not find that H.E.B. knew or should have known of the presence of the liquid on the floor.[3] The only purpose of this second question was to tie the liability determination to the store's knowledge of a specific hazard, in direct violation of *Corbin*. Had the charge been submitted properly, in broad form, the jury would simply have been asked to determine whether the store's negligence proximately caused Warner's injury. *See Corbin*, 648 S.W.2d at 296.[4] The jury might well have answered in the affirmative; for though H.E.B. may not have had actual knowledge of the liquid on the floor, it was aware of the manner in which its chickens were displayed. Thus, the granulated questions improperly restricted the scope of the knowledge determination, and effectively prevented Warner from prevailing on her claim.

If there is evidence in the record that supports a request, failure to submit the question is reversible error. *See Thomas v. St. Joseph Hospital*, 618 S.W.2d 791, 795 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (citing *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965)). The record shows that Warner presented evidence supporting the argument that the store was unsafe due to the display of unbagged birds. The court of appeals correctly re-

versed the judgment of the trial court since it failed to submit the requested charge.

Because Texas never adopted the old forms of action, "it makes no difference in what shape a plaintiff presents his cause of action, the courts will look to the substance of it, and not be controlled by the mere form in which it is set forth." *Rector v. Orange Rice Mill Co.*, 100 Tex. 591, 102 S.W. 402, 403 (1907). Here, Tami Warner is entitled to have the jury consider her claim that H.E.B. failed to display its goods in a safe manner. *See Corbin*, 648 S.W.2d at 297. I would therefore affirm the judgment of the court of appeals.

Never "chicken" about twisting the law to accomplish its socially preferred result, the majority has today added yet another legal inconsistency designed to trap the victim.

DOGGETT, J., joins in this dissenting opinion.

---

**2.** Rule 277 mandates broad form submission "whenever feasible." *See Texas Dept. of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990).

**3.** I remain opposed to the majority's decision in *Keetch v. Kroger*, 845 S.W.2d 262 (Tex.1992), to abandon the well-settled rule that "where a dangerous condition upon a floor is created by the servants and employees, a corporate defendant would have notice thereof as a matter of law and hence proof of knowledge thereof, either actual or constructive, is unnecessary." *Safe-*

*way Stores Inc. v. Bozeman*, 394 S.W.2d 532, 537 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.). *See Keetch*, 845 S.W.2d at 268 (Mauzy, J., dissenting).

**4.** "... Corbin's right to recover from Safeway depends on his showing Safeway's knowledge of the foreseeable harm of some course of conduct or method of operation. He is not required to prove one particular instance of negligence or knowledge of one specific hazard, as Safeway contends."