**Richard WARNER, et ux., Appellants,**

v.

**H.E. BUTT GROCERY COMPANY,**
**Appellee.**

**No. 10–90–133–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 2, 1993.

**592**

Scott Rothenberg, Kevin O'Malley, Mithoff & Jacks, Houston, Louis S. Muldrow, Waco, for appellants.

Beverly Willis Bracken, Steve L. Moody, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON REMAND

CUMMINGS, Justice.

This is round three of an appeal by the Warners from a take-nothing judgment in a slip-and-fall case against H.E. Butt Grocery Co. The trial court submitted only the Warners' premises-liability theory, which the jury answered favorably to H.E.B. On original submission, this court held that the trial court erroneously denied the Warners' requested submission of an additional theory of recovery. Finding that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment, we reversed the trial court's take-nothing judgment and remanded the cause for a new trial.[1] Holding that the Warners pleaded and requested submission of only a premises-liability theory of recovery, which was submitted by the trial court, and failed to request a jury question supporting any other basis for recovery, the Texas Supreme Court reversed the judgment of this court and remanded the cause for consideration of the Warners' remaining points of error.[2] Accordingly, on remand, we now consider points two through four, also concerning the trial court's charge to the jury.[3]

---

1. *Warner v. H.E. Butt Grocery Co.,* 820 S.W.2d 819, 820 (Tex.App.—Waco 1991).

2. *H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 258 (Tex.1992).

3. The trial court submitted the following questions on the Warners' premises-liability theory, accompanied by definitional instructions on negligence, ordinary care, and proximate cause:

 QUESTION NO. 1: Did the liquid substance on the floor of defendant's store pose an unreasonable risk of harm to the plaintiff? Answer "Yes" or "No"; Answer: yes.
 QUESTION NO. 2: Did defendant know or should defendant reasonably have known that there was liquid substance on the floor of its store on the occasion in question? Answer "Yes" or "No"; Answer: no.
 QUESTION NO. 3: Did defendant fail to reduce or eliminate the risk posed by the liquid substance on its floor? Answer "Yes" or "No"; Answer: ___.
 QUESTION NO. 4: Was such failure by defendant negligence? Answer "Yes" or "No"; Answer: ___.
 QUESTION NO. 5: Was such negligence a proximate cause of the occurrence in question? Answer "Yes" or "No"; Answer: ___.
 Each of the five questions was conditionally submitted on an affirmative answer to the preceding question.

■ In point two the Warners contend that questions one, two, and three do not allow the jury to consider their negligent-activity theory. They also argue that the conditional submission of questions four and five on an affirmative answer to questions one, two, and three prevented the jury from considering the negligent-activity theory in what would otherwise have been a broad-form submission of the negligence and proximate cause questions. The Supreme Court, however, has already determined that the Warners' only potential cause of action is a premises-liability theory, which was fairly submitted to the jury.[4] Therefore, we overrule point of error two.

■ In point three the Warners contend that the trial court erred in submitting question two because it was not a controlling issue in the case and was based on an incorrect statement of the law. They argue that question two failed to ask whether H.E.B. knew or *in the exercise of reasonable care* should have known of the presence of chicken blood on the floor. In point four the Warners contend that the trial court erred in refusing to submit a requested instruction which would have substantially cured the perceived defect in the charge. They objected to the constructive-knowledge question as submitted and requested the following instruction to accompany question two: "The defendant should know of the liquid substance on the floor of the defendant's store if a reasonably careful inspection would reveal it."

■ The elements of a premises-liability cause of action are: (1) actual or constructive knowledge of some condition on the premises by the owner-operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner-operator did not exercise reasonable care to reduce or elimi-

nate the risk; and (4) that the owner-operator's failure to use such care proximately caused the invitee's injuries.[5]

In *Corbin v. Safeway Stores, Inc.* the Supreme Court stated that, "when an occupier has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to the invitees, he has a duty to take whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition." [6] Although the Supreme Court also said, "The occupier is considered to have constructive knowledge of any premises defects or other dangerous conditions that a reasonably careful inspection would reveal," that statement was made in the context of the occupier's admission that it knew of an unusually high risk associated with its grape display.[7] Even in *Corbin*, the Supreme Court found that the invitee produced no proof that the grapes had been on the floor a sufficient time to impute knowledge of their location to the occupier.[8] Instead, the Supreme Court held that, in light of the occupier's knowledge of an unusually high risk associated with its grape display, the jury could have reasonably inferred that the occupier knew or should have known of the specific dangerous condition that caused the invitee's fall.[9] As a result, the Supreme Court reversed the directed verdict in favor of the occupier.[10]

In *Keetch v. Kroger Co.*, another slip-and-fall opinion reissued on the same day as *H.E.B.*, the Supreme Court held that "the jury still must find that the owner or occupier knew or should have known of the condition. Making the inference [of constructive knowledge] as a matter of law is improper unless knowledge is uncontro-

4. *H.E.B.*, 845 S.W.2d at 259–60.

5. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983).

6. *Id.* at 295.

7. *Id.* at 295–96 (citing *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 455 (Tex.1972) (holding only that the occupier is under the duty "to

exercise reasonable care in inspecting the premises to discover any latent defects and to make safe any defects or to give an adequate warning")).

8. *Id.* at 296.

9. *Id.*

10. *Id.*

**594**

verted."[11]   As a result, the trial court properly submitted the question on constructive knowledge without the requested instruction.   Furthermore, according to the Supreme Court, the trial court's charge contained the proper elements of a premises-liability action, fairly submitted the disputed fact issues to the jury, and incorporated a correct legal standard for the jury to apply.[12]   Therefore, we overrule points of error three and four.

We affirm the judgment.

---

**11.** *Keetch v. Kroger Co.,* 845 S.W.2d 262, 265 (Tex.1992) (citation omitted).

