AFFIRM; Opinion issued December 12, 2012



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01476-CV

**JEROLD RODENBERG, Appellant**

V.

**GRANITE PARK III, LTD. AND GRANITE PROPERTIES, INC., Appellees**

On Appeal from the 199th Judicial District Court
Collin County, Texas
Trial Court Cause No. 199-04988-2009

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

Jerold Rodenberg appeals the trial court's summary judgment in favor of Granite Park III,

Ltd. and Granite Properties, Inc. In two issues, Rodenberg claims the trial court erred in granting

summary judgment in his premises liability case because appellees retained control over the premises

and had notice of a dangerous condition. We affirm.

Rodenberg, a security guard at a building owned by Granite Park III and managed by Granite

Properties, slipped and fell in wet cement while patrolling the tenth floor of the building. At the time

of Rodenberg's fall, the ninth and tenth floors of the building were being renovated for a tenant, and

the tenth floor had been under construction for at least two weeks before the incident. The general

contractor on the project subcontracted the tile and cement work to Legacy Tile & Marble Design

who had poured the cement.

Rodenberg sued appellees and Legacy Tile. Appellees filed a traditional and no evidence motion for summary judgment. In the motion, they alleged they did not control the tenth floor of the building during the construction, nor did they create the condition or have actual or constructive knowledge of the condition. Alternatively, appellees asserted Rodenberg had no evidence (1) appellees possessed or controlled the tenth floor at the time of Rodenberg's fall, (2) appellees created the alleged condition, (3) appellees had actual knowledge of the alleged condition, or (4) the condition existed for such a period of time that appellees should have known of the alleged condition. After the trial court granted the motion without specifying the grounds, Legacy Tile was dismissed from the case based on a settlement agreement.

Because appellees presented both no evidence and traditional grounds, we first address the challenges to appellees' no evidence summary judgment motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 895 (Tex. App.—Dallas 2008, no pet.). A party may move for summary judgment on the ground there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam). Unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the court must grant the motion. TEX. R. CIV. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002).

To succeed in a traditional motion for summary judgment, the movant must establish there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *W. Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovant and resolve any doubt in the

nonmovant's favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Where, as here, the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *W. Investments, Inc.*, 162 S.W.3d at 550.

When a plaintiff is injured as a result of a condition existing on a premises and not as the result of a contemporaneous activity, the plaintiff may pursue only a claim for premises liability. *See H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992). To prevail on a premises liability suit, a plaintiff classified as an invitee must prove: (1) a condition on the premises posed an unreasonable risk of harm; (2) the premises owner had actual or constructive knowledge of the danger; (3) the premises owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the premises owner's failure to use such care proximately caused the plaintiff's injuries. *See LMB, Ltd.*, 201 S.W.3d at 688. A slip-and-fall plaintiff satisfies the knowledge element by establishing (1) the defendants placed the substance on the floor, (2) the defendants actually knew the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

In their motion, appellees assert there is no evidence (1) they placed the wet cement on the floor the night of Rodenberg's fall, (2) they were aware of the placement or presence of wet cement, or (3) the condition existed for such a period of time that they should have known of the condition. In response, Rodenberg does not argue appellees had actual knowledge but claims they had constructive knowledge. Rodenberg does not cite, in his response to the motion for summary judgment or in his appellate brief, where in the record evidence exists showing appellees knew or should have known of the wet cement. Nor does he point us to where in the record evidence exists

raising a fact issue on knowledge. Rather, he argued, in his response to the summary judgment motion, appellees had constructive knowledge because "reasonable diligence on the part of [appellees] would have provided them with notice of the cement work to be done on the 10th floor." In his appellate brief, Rodenberg argues the information in the guard's log before his shift said only "construction" and "[h]ad more precise information been obtained from the general contractor . . . it could've been recorded in the . . . Guard Log for Appellant's review when he went on duty that day." This is not evidence of actual or constructive knowledge.

Our independent review of the summary judgment record reveals no evidence showing appellees placed the wet cement on the tenth floor, appellees actually knew the wet cement was on the floor, or it is more likely than not the wet cement was in place long enough to give appellees a reasonable opportunity to discover it. *See Wal-Mart Stores, Inc.*, 81 S.W.3d at 814. In fact, appellees presented evidence in support of their traditional motion for summary judgment showing they "did not retain or exercise any control over the details of the work" performed by the general contractor or subcontractors and did not place, cause to be placed, and were "not aware of the placement or presence of wet cement in the elevator lobby on the 10th floor" on the night of Rodenberg's fall. Because Rodenberg did not present evidence challenging this evidence or raising a fact issue, we cannot conclude the trial court erred in granting appellees' motion for summary judgment. We overrule Rodenberg's issues.

We affirm the trial court's judgment.

_____
MOLLY FRANCIS
JUSTICE

111476F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEROLD RODENBERG, Appellant

No. 05-11-01476-CV     V.

GRANITE PARK III, LTD. AND
GRANITE PROPERTIES, INC., Appellees

Appeal from the 199th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
199-04988-2009).
Opinion delivered by Justice Francis,
Justices Morris and Murphy participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment. We **ORDER** that Granite Park III, Ltd. and Granite Properties, Inc. recover their costs of this appeal from Jerold Rodenberg.


Judgment entered December 12, 2012.


_____
MOLLY FRANCIS
JUSTICE