Opinion issued July 26, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00355-CV

———————————

**KEITH KYLES, Appellant**

**V.**

**SOUTH LOOP 2626, LLC AND SOUTH LOOP PARTNERS, LLC, Appellees**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-32304-A**

---

## MEMORANDUM OPINION

This is an appeal from a summary judgment dismissing tort claims against the owner of an office building, arising from an incident in which a visitor in the building's atrium was injured by a box that fell to the ground floor while being delivered to a tenant four floors above. Appellant Keith Kyles contends that his

summary-judgment evidence was sufficient to support his claims against the building owners.

Because Kyles failed to produce evidence raising a genuine issue of material fact that the premises owner failed to take reasonable care to reduce or eliminate the risk of a condition that posed an unreasonable risk of harm, we affirm.

**I**

For purposes of our review of this summary judgment, we assume the truth of the claimant's factual allegations. Keith Kyles was on the first floor in the open atrium area of an office building when he was injured by a box that fell from the fifth floor. The box contained medical supplies that were being delivered by an employee of Attentus Medical Sales, Inc. to a tenant in the building. Kyles sued Attentus Medical Sales to recover for its employee's negligence. He also sued two entities identified as owners of the premises, appellees South Loop 2626, LLC and South Loop Partners, LLC (collectively "South Loop"),[1] alleging that his injury was caused by a "condition on the premises" that "posed an unreasonable risk of harm."

---

[1] Kyles alleged that South Loop 2626, LLC and South Loop Partners, LLC owned the office building. In a verified answer, South Loop Partners denied liability "in the capacity in which it has been sued." The precise relationship between these two entities is unclear from the limited appellate record. Deposition testimony in the record taken in September 2016 suggested that South Loop 2626, LLC no longer existed, but it owned the office building at

South Loop filed a no-evidence motion for summary judgment. Among other things, it alleged that there was no evidence that a dangerous condition existed or that any warning to visitors was required. Kyles responded by producing the deposition transcripts of two witnesses: the corporate representative of the building owner, Blake Lugash; and the deliveryman employed by Attentus Medical Sales, Julio Rios.

Lugash testified that another company was engaged for day-to-day management of the office building. He was unaware of any other incidents at the building in which a person was struck by an object falling from an upper floor to the ground level. In response to questions posed by Kyles's counsel, Lugash acknowledged it was possible that an object placed on a guardrail, such as a cup of coffee, could fall into the atrium area if it were knocked over. He also agreed that in an "atrium style building" such as the one where Kyles was injured, it was more likely that an object could fall from an upper floor down to the ground floor, as opposed to a building design in which "the hallways have two walls on each side."

Rios testified that on the day of the incident, he made a delivery to Omni Plus Health Care, a tenant in the office building. He had six boxes to deliver. Three of the boxes, described as "case packs," were 21-inch cubes that weighed 13 pounds each.

the time Kyles was injured, and it somehow had been succeeded by South Loop Partners, LLC.

3

The other three boxes, described as "ice packs," were smaller but heavier than the case packs. They measured 14 x 12 x 11 inches and weighed 36 pounds each. Rios stated that he "stacked the three case packs and then the three ice packs on top of it to weigh it down."

Rios used a four-wheeled handcart to deliver the six boxes. He entered the building and took the elevator to the fifth floor. He positioned the cart in a hallway between the door to the Omni Plus office and a railing that separated the hallway from the open atrium.[2] Rios removed the top ice pack and handed it to an Omni Plus employee. When he removed the second ice pack, the cart tipped to the side, toward the atrium. The third ice pack slid off the stack of boxes and fell into the atrium.

The trial court granted a take-nothing summary judgment on the claims against South Loop. It severed the claims against South Loop, making the summary judgment final, and Kyles appealed.

**II**

Kyles argues that the trial court erred by granting the no-evidence motion for summary judgment because the evidence demonstrated genuine issues of material

---

[2]   Photos of the building, including the rail separating the hallway from the open atrium, were exhibits to the deposition but they do not appear in the appellate record. Rios testified that he is 5' 6" tall, and the top rail was around the height of his chest.

4

fact regarding South Loop's knowledge of a dangerous condition on the property, its failure to make the property reasonably safe, or to provide warnings, and its negligence.

A no-evidence motion for summary judgment is essentially a directed verdict granted before trial. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). A party may move for no-evidence summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence. *Id.* "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks*, 206 S.W.3d at 582.

"Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary

negligence principles apply." *Id.* "When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* (citing *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992)).

Negligence and premises-liability claims are separate and distinct theories of recovery, requiring plaintiffs to prove different, though similar, elements to secure judgment in their favor. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). "In a negligent-activity case, a property owner or occupier must 'do what a person of ordinary prudence in the same or similar circumstances would have . . . done,' whereas a property owner or occupier in a premises liability case must 'use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about.'" *Id.* (quoting *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998)).

Kyles only pleaded a premises-liability claim against South Loop.[3] When an invitee brings such a claim against a premises owner, he must prove: (1) the property

---

[3]    Kyles specifically alleged that he was an invitee on South Loop's premises, that a condition on the premises "posed an unreasonable risk of harm," that it had the "ability and authority to ensure its premises was not unreasonably dangerous for invitees," that it "knew, or reasonably should have known, of the danger posed by its premises to the general public," that it breached a duty of ordinary care by failing to adequately warn of the dangerous condition or

6

owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of his injuries. *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014).

In response to the summary-judgment motion filed in this case, Kyles presented no evidence that raised a genuine issue of material fact about whether South Loop failed to use reasonable care to reduce or eliminate the risks associated with an open-atrium building. The evidence he presented showed that South Loop entirely outsourced the day-to-day management of the office building to a property-management company. Kyles presented no evidence that this was an unreasonable thing for South Loop to have done. Kyles also presented no evidence that reasonable care required South Loop or its property-management company to do something to reduce or eliminate the open and obvious risks associated with standing in an open atrium. *See, e.g.*, *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

We therefore conclude that the court properly granted summary judgment on the premises claim. *See* TEX. R. CIV. P. 166a(i). South Loop argues that Kyles did

make it reasonably safe, and that such breach was a proximate cause of his injuries and damages.

7

not plead a distinct negligent-activity claim against it, and we agree. Accordingly, we overrule Kyles's sole issue, and we affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.