**REVERSE AND RENDER; Opinion Filed December 3, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00790-CV**

**ONCOR ELECTRIC DELIVERY COMPANY LLC, Appellant**

**V.**

**ROBERT LOUIS HAWKINS, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-04820**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Kennedy

A jury found Oncor Electric Delivery Company LLC ("Oncor") negligent in connection with injuries Robert Louis Hawkins suffered as a result of a contact with high-voltage lines. Hawkins sued Oncor, alleging he was hired to trim a tree on a residential property at the request of the owners and that while trimming the tree, he was electrocuted by a high voltage current due to the negligence of Oncor in failing to warn the public of the hazardous condition, failing to monitor and maintain an easement around the electric line, and creating and maintaining the electric lines in violation of applicable codes and standards. The case was tried to a jury, which

found both Oncor and Hawkins negligent, and the trial court rendered final judgment in favor of Hawkins.

In its first three issues, Oncor argues Hawkins' recovery is barred as a matter of law and that the jury's findings on negligence and proportionate responsibility are not supported by legally or factually sufficient evidence. In its remaining three issues, Oncor challenges the damage awards and the trial judge's decisions to admit testimony from Hawkins' damage expert and urges improper closing arguments warrant reversal and remand. We sustain Oncor's second issue, reverse the trial court's judgment, and render a take-nothing judgment in Oncor's favor. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

On September 17, 2015, Hawkins was trimming a tree at a residential property. The owners had called him to remove a tree that they described as "half-dead" and in danger of falling. Hawkins utilized a rented Genie bucket lift, to help him access the tree, which was located along the fence line with limbs extending over a carport. While in the process of trimming a tree limb with a pole saw, Hawkins was shocked with electricity. He suffered extreme pain and extensive injuries requiring multiple surgeries, including amputation of his fingers.

On April 25, 2017, Hawkins filed suit against Oncor and the owners of the property, alleging their respective negligence were the proximate cause of his

injuries and damages. The owners filed a no-evidence motion for summary judgment, which the trial court granted, ordering Hawkins take nothing against them. The case against Oncor proceeded to trial before a jury. Over five days of trial, Hawkins and Oncor presented the testimony of several witnesses and the trial court admitted dozens of exhibits into evidence.[1] At the conclusion of the trial, the jury deliberated and found both parties negligent but apportioned responsibility 80% to Oncor and 20% to Hawkins. The jury also answered questions valuing the amount of damages to be awarded to Hawkins.

Before the trial court signed the final judgment, Oncor moved for judgment in its favor on the jury questions answered in its favor, alleging that because the jury found Hawkins was the person responsible for trimming the tree and that it was possible during his work he might move or be placed within six feet of a high voltage overhead line or bring any tool, equipment, or material within six feet of a high voltage overhead line, Chapter 752 of the Texas Health and Safety Code operated to bar Hawkins' recovery. In that motion, Oncor also challenged the sufficiency of the evidence to support the jury's implied findings of duty and breach.

---

[1] After Hawkins rested, Oncor moved for directed verdict on lack of evidence of negligence, specifically breach of duty with respect to Oncor's management of vegetation near power lines. Hawkins argued in response that Oncor had a duty to trim vegetation that it breached, citing evidence of management guidelines that Oncor submitted to the Public Utility Commission requiring vegetation be trimmed approximately ten feet away from their equipment and that the trees on the property had been trimmed approximately 14 to 15 months before the incident. Oncor countered that no evidence showed the growth rate of the trees to indicate Oncor should have foreseen they would grow within ten feet of the lines. The trial court denied the motion for directed verdict.

Oncor also filed a Reply in Support of its Motion for Judgment on the Verdict and Opposition to Plaintiff's Cross-Motion for Judgment on the Verdict, and, Alternatively, Cross-Motion for Judgment JNOV, in which Oncor argued, among other things, that Hawkins' claim was one for premises liability and was thus submitted under the incorrect theory of general negligence to the jury. In that same motion, Oncor challenged the sufficiency of the evidence in the record to support the jury's implied findings on the elements of duty and proximate cause. The trial court conducted a hearing on Oncor's motion for judgment notwithstanding the verdict and Hawkins' motion for judgment.[2]

The trial court rendered a final judgment in favor of Hawkins, awarding him $8,649,600 in actual damages and $2,247,789.60 in pre-judgment interest. After entry of the final judgment, Oncor filed a Motion to Modify the Judgment or, Alternatively, Grant a New Trial, or Further in the Alternative, for Remittitur. The trial court conducted a hearing on that motion, but the record does not reflect any ruling thereon. This appeal followed.

---

[2] We note that the record contains no order expressly overruling Oncor's motion for judgment notwithstanding the verdict. However, we conclude that the trial court implicitly overruled the motion when it signed the judgment because the trial judge signed the final judgment after hearing Oncor's motion. *See Koch v. Boxicon, LLC*, No. 05-14-01424-CV, 2016 WL 1254048, at *3 n.4 (Tex. App.—Dallas Mar. 30, 2016, no pet.) (mem. op.) (citing *AIS Servs., LLC v. Mendez*, No. 05–07–01224–CV, 2009 WL 2622391, at *2 (Tex. App.—Dallas Aug. 27, 2009, no pet.) (mem. op.) ("An essential element of an implicit ruling is awareness by the trial judge of the request or motion that is supposedly being ruled on.").

DISCUSSION

In its second issue, Oncor argues Hawkins' decision to submit his claim as one for negligent activity, rather than for premises liability, requires reversal and rendition.

## I. Standard of Review

A trial court must submit jury questions, instructions, and definitions that "are raised by the written pleadings and the evidence." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 469 (Tex. 2017) (quoting TEX. R. CIV. P. 278) (citing *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 663 (Tex. 1999)). In reviewing alleged error in a jury submission, we consider "the pleadings of the parties and the nature of the case, the evidence presented at trial, and the charge in its entirety." *Id.* (quoting *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009)) (citing *Sterling Tr. Co. v. Adderley*, 168 S.W.3d 835, 843 (Tex. 2005); *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986)). The alleged charge error "will be deemed reversible only if, when viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment." *Id.* (quoting *Island Recreational*, 710 S.W.2d at 555) (citing *Reinhart v. Young*, 906 S.W.2d 471, 473 (Tex. 1995)).

Whether the condition that allegedly caused the plaintiff's injury is a premises defect is a legal question, which we review de novo. *See id.* (citing *Sampson v. Univ.*

*of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016); *Reliance Nat'l Indem. Co. v. Advance'd Temps., Inc.*, 227 S.W.3d 46, 50 (Tex. 2007); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 866 (Tex. 2002) (per curiam); *State v. Burris*, 877 S.W.2d 298, 299 (Tex. 1994) (per curiam); *State Dep't of Highways v. Payne*, 838 S.W.2d 235, 238 (Tex. 1992)). A premises-defect case improperly submitted to the jury under only a general-negligence question, without the elements of premises liability as instructions or definitions, causes the rendition of an improper judgment. *Id.* at 469–70 (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997)).

## II.    *General Negligence Compared with Premises Liability*

The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). "The threshold inquiry in a negligence case is duty." *Id.* (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)).

Premises liability is a branch of negligence law, but it is a "special form" with different elements that define a property owner or occupant's duty with respect to those who enter the property. *See Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). Under premises-liability principles, a property owner or occupant generally owes those invited onto the property a duty to make the premises safe or to warn of

dangerous conditions as reasonably prudent under the circumstances. *See id.* (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983); *Smith v. Henger*, 226 S.W.2d 425, 431 (Tex. 1950)).

Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. *Jenkins*, 478 S.W.3d at 644 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. *Id.* (citing *Keetch*, 845 S.W.2d at 264). When the injury is the result of the property's condition rather than an activity, premises-liability principles apply. *Id.* (citing *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992)).

Negligence and premises-liability claims are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor. *United Scaffolding*, 537 S.W.3d at 471 (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). Because negligence and premises-liability claims are based on independent theories of recovery, the supreme court has held that they are not interchangeable. *See id.* (citing *Jenkins*, 478 S.W.3d at 644; *Olivo*, 952 S.W.2d at 529).

## III. *Character of Hawkins' Claim*

### A. Hawkins' Injury

Hawkins alleged he was injured when he was trimming a tree near high voltage electrical lines, which he alleged were owned and maintained by Oncor. In his original and amended petitions, Hawkins alleged the following negligent acts and omissions proximately caused his injuries:

a. failing to warn the public, including Plaintiff, of the hazardous condition created by the electric line hanging in close proximity to the trees and other vegetation on the property at issue;

b. failing to monitor and maintain an easement around the subject electric line;

c. failing to monitor the subject electric line to ensure the public was protected from unsafe conditions;

d. failing to guard and protect the public, including Plaintiff, from the electric line;

e. creating and maintaining the electric lines in violation of applicable codes and standards; and

f. such other and further acts and/or omissions of negligence as shown at trial.

Thus, Hawkins did not allege any contemporaneous, ongoing activity caused his injury. Rather, he alleged Oncor created a dangerous condition of high voltage current electrical lines with tree limbs growing near them and that Oncor did so in violation of applicable codes and statues. Hawkins further alleged that Oncor failed to warn, guard, or protect the public from such dangerous condition and failed to monitor and maintain the electric lines and the easement around them. Because his

claim is that of a dangerous condition or defect on a premises and not contemporaneous activity, we conclude Hawkins' claim arises from a premises defect, not some contemporaneous negligent activity. *See United Scaffolding*, 537 S.W.3d at 473; *see, e.g.*, *Oncor Elec. Delivery Co., LLC v. Murillo*, 449 S.W.3d 583, 593 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("Without evidence of contemporaneous conduct, Murillo's claim against Oncor is 'a nonfeasance theory, based on [Oncor's] failure to take measures to make the property safe,' and not an activity 'based on affirmative, contemporaneous conduct by [Oncor] that caused the injury.'") (quoting *Del Lago Partners*, 307 S.W.3d at 776).

### B.   Oncor's Duty to Hawkins

We next consider Hawkins' argument that his claim was properly submitted under a general-negligence theory of recovery because the record does not establish Oncor had an easement in which the subject electrical line was located and thus it did not have the status of an owner or occupier necessary to establish a duty under a premises-liability theory. In addressing this argument, we also consider Oncor's third issue that Hawkins failed to establish that Oncor owed any duty to him.

In premises-liability cases, the supreme court has held that "the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." *See United Scaffolding*, 537 S.W.3d at 474 (quoting *Urena*, 162 S.W.3d at 550) (citing *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004); *Corbin*, 648 S.W.2d at 295–96)). Premises liability is a form of negligence, and "[i]n all

negligence actions, the foreseeability of the harmful consequences resulting from the particular conduct is the underlying basis for liability." *Id.* (quoting *Corbin*, 648 S.W.2d at 296). Generally, an owner or occupier of property has a duty to keep the premises under its control in a safe condition. *See id.* at 473. "A premises-liability defendant may be held liable for a dangerous condition on the property if it assumed control over and responsibility for the premises, even if it did not own or physically occupy the property." *Id.* (internal quotations and citations omitted).

After reviewing the pleadings and evidence, we cannot agree with Hawkins that there was any conflicting allegations or evidence as to whether Oncor had an easement. Indeed, Oncor's corporate representative testified Oncor had an easement in the area where the incident took place and testified that while he did not recall specifically where the easement originated, "[t]ypically . . . on developments like this that would be something that would be platted with the original development" and that Oncor would negotiate an easement with the development. He further testified that even if the easement were granted to the City of Irving instead of Oncor, Oncor has the right to access city rights of way. Additionally, the record includes an exhibit noting utility easements on the property and that they "are hereby granted and dedicated and reserved for the mutual use and accommodation of the City of Irving and all public utilities desiring to use or using the same for public utility purposes including but not limited to . . . electrical power lines and appurtenances." Thus, we conclude all of the record evidence supports a finding that Oncor had an

–10–

easement with the generally applicable corresponding duty. *See United Scaffolding*, 537 S.W.3d at 473.

Moreover, Hawkins' theory of general negligence argued and presented to the jury was that Oncor created a dangerous condition of high voltage current electrical lines with tree limbs growing near them and that it failed to trim those tree limbs or otherwise maintain the vegetation around the electrical lines. Thus, Hawkins argued that Oncor owed him and the public the duty to maintain the vegetation around the electrical lines, and on appeal, he argues that such duty exists independent of Oncor's status as a premises owner.

A party who does not own, occupy, or control premises may nevertheless owe a duty of due care if it undertakes to make the premises safe for others. *See HNMC, Inc. v. Chan*, 683 S.W.3d 373, 382 (Tex. 2024) (quoting *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999)) (citing *City of Denton v. Page*, 701 S.W.2d 831, 834–35 (Tex. 1986)). The supreme court has held this duty rule springs from the common-law doctrine of negligent undertaking, which sounds in ordinary negligence. *See id.* (citing *Wilson*, 8 S.W.3d at 635 n.4; *Kenyon*, 644 S.W.3d at 151).[3]

---

[3] As for duty imposed by statute or regulation, Oncor's representative testified as to Oncor's practices and guidelines on its vegetation management plans and that there was no regulation or other specific requirement "as far as how you trim your trees, when you trim your trees, and to what extent you trim your trees." Oncor's expert similarly testified there was no Texas law requirement that utilities trim a certain distance from their power lines.

However, in contrast with the typical negligence claim the jury was asked to decide in the instant case, a negligent-undertaking claim "requires the trial court to instruct the jury that a defendant is negligent only if: (1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and either (a) the plaintiff relied upon the defendant's performance, or (b) the defendant's performance increased the plaintiff's risk of harm." *See Nall v. Plunkett*, 404 S.W.3d 552, 555–56 (Tex. 2013) (per curiam) (citing *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838–39 (Tex. 2000); RESTATEMENT (SECOND) OF TORTS § 324A). Therefore, even assuming without deciding the pleadings, allegations, and evidence presented at trial supported that theory, Hawkins failed to submit it to the jury. *See Torrington*, 46 S.W.3d at 840–41 (noting that "[w]ithout a determination of these predicate duty elements, Torrington's failure to use ordinary care is immaterial and rendition would normally be proper," but "[b]ecause neither this Court nor any other appellate court had written about the proper submission of an undertaking claim at the time this case was tried," concluding appropriate to remand "in the interest of justice.").

### C. Summary

We conclude, based on the source of Hawkins' injury, his pleadings and allegations, and the evidence presented at trial, that his case sounds in premises liability. We further conclude that the theory of recovery submitted to the jury did

–12–

not reflect the claim that was raised by the pleadings and the evidence. Because this claim was submitted to the jury under a general-negligence theory of recovery only, without elements of premises liability, the verdict cannot support a recovery in a premises defect case. *See United Scaffolding*, 537 S.W.3d at 480–81. We sustain Oncor's second issue and need not resolve his remaining issues on appeal. *See* TEX. R. APP. P. 47.1, 47.4.

## CONCLUSION

We reverse the trial court's judgment and render a take-nothing judgment in Oncor's favor.

/Nancy E. Kennedy/
NANCY KENNEDY
JUSTICE

230790f.p05

Molberg, J., dissents without opinion.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ONCOR ELECTRIC DELIVERY
COMPANY LLC, Appellant

No. 05-23-00790-CV     V.

ROBERT LOUIS HAWKINS,
Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-04820.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

We reverse the trial court's judgment and render a take-nothing judgment in Oncor's favor.

It is **ORDERED** that appellant ONCOR ELECTRIC DELIVERY COMPANY LLC recover its costs of this appeal from appellee ROBERT LOUIS HAWKINS.

Judgment entered this 3rd day of December, 2024.